499 P.2d 1296

**PROVO CITY CORPORATION, a municipal corporation of the State of Utah, Plaintiff and Appellant,**

v.

**Hubert C. LAMBERT, as State Engineer of the State of Utah, et al., Defendants and Respondents.**

No. 12647.

Supreme Court of Utah.

Aug. 7, 1972.

Ellett, J., dissented and filed opinion.

Richard L. Maxfield, of Maxfield, Gammon, Ellis & McGuire, Provo, O. DeVere Wootton, of Wootton & Wootton, American Fork, for plaintiff-appellant.

Joseph Novak, Dallin W. Jensen, Asst. Atty. Gen., Salt Lake City, for defendants-respondents.

TUCKETT, Justice:

The plaintiff filed these proceedings for review of a decision of the State Engineer pursuant to the provisions of Section 73–3–14, U.C.A.1953, and for a trial de novo as provided for by Section 73–3–15.

In the district court the plaintiff and the defendants filed separate motions for summary judgment. After a consideration of the motions the court granted the motion for a summary judgment filed by the de-

fendants and denied the motion of the plaintiff. Judgment was entered adverse to the plaintiff and the plaintiff is here seeking a reversal.

Prior to 1921, Civil Case No. 2888 was filed in the District Court of Utah County for the purpose of adjudicating the rights of various users in the waters of Provo River. After protracted hearings a decree was entered in 1921 apportioning the waters of the river among the various parties. The decree is referred to in this case as the "Provo River Decree." In the case before us we are concerned with the interpretation of Paragraph 4 of the Decree which dealt with the use of water awarded to the plaintiff. That part of the Decree important here is in the following language:

. . . That all of the flow of Provo River, its tributaries, springs, seepage and percolating waters, appropriated by the defendants and the predecessors in interest of the plaintiff before May 12th, 1903, for the purposes of irrigation, domestic and municipal uses and for the generation of power, in the Provo Division, are herein denominated Class "A", and be and the same is hereby awarded to the following named parties; for the purposes of irrigation together with the number of acres of land and the duty of water per second foot upon said land, for the purposes of domestic and municipal uses and for the generation of power; in the quantities and for the periods hereinafter set forth:—

Provo City.

(a)                                                         2,058.6 Acres of Farm Land

From May 10th to June 20th, Duty 57,        36.12 second feet.
  "     June 20th to July 20th,    "    63,        32.68 second feet.
  "     July 20th to May 10th,    "    70,        29.41 second feet.

(b)                                                         499.91 Acres of City Lots.

From May 10th to Sept. 1st, Duty 50,          10.00 second feet.
  "     Sept. 1st to May 10th,    "    70,            7.14 second feet.

(c) 16.50 second feet, during the irrigation season of each and every year. Which water has heretofore been used for irrigation purposes by said City and for the generation of power by the Provo Ice & Cold Storage Company a corporation, E. J. Ward & Sons Company a corporation, Knight Woolen Mills a corporation, Smoot Investment Company a corporation, and Upton Hoover, W. E. Hoover, Webster Hoover and Frank Hoover as partners doing business under the name of Excelsior Roller Mills. And the said use for power purposes has been under license and grant from said Provo City and at such times and in such manner as has been made by mutual arrangements therefor.

**196**

The State Engineer was of the opinion that Paragraph 4(c) was an award for a nonconsumptive use for the purpose of supplying power to various mills. The Engineer instructed the Provo River Commissioner not to deliver the 16.50 second feet of water to Provo City until such time as it could be used for a nonconsumptive purpose. The decision of the State Engineer precipitated these proceedings.

The trial court was of the opinion that the provisions of Paragraph 4 of the Decree were ambiguous and after a consideration of the record made by the plaintiff and the defendants, concluded that the award was for power purposes only. The record in the court below and here on appeal consists of extracts from the transcript in Case No. 2888 and portions of the findings therein. Prior to the entry of the final decree in Case No. 2888 a temporary order had been made and entered which, among other things, awarded to Provo City during the irrigation season 13.75 second feet of water for power purposes. The showing was made and evidence offered to the effect that 13.75 second feet of water was insufficient to turn the water wheels of the mills where it was used. By stipulation among the parties the quantity of water was raised to 16.50 second feet. It is noted that Paragraph 4(c) set forth above fails to specify any acreage to be irrigated, nor does it fix the duty of water, in contrast to the language of subparagraphs (a) and (b).

It is noted that Paragraph 4(c) contains the following language: "Which water has heretofore been used for irrigation purposes by said City and for the generation of power . . . ." which language may indicate that the award provided by the 1921 Decree referring to power purposes was intended to be taken from the allocations to the plaintiff for irrigation purposes.

It would seem to us that it would be helpful in making a proper determination and interpretation of what was intended by the language set forth in the Provo River Decree had the record contained some information as to what use, if any, the plaintiff had made of 16.50 second feet of water, since its use in the operation of the various mills has ceased. It is therefore ordered that this matter be remanded to the District Court with the recommendation that the court refer the matter to the State Engineer for a determination from the historical or other data, or from other investigation as to the use, if any, made of the water here in question. No costs awarded.

CALLISTER, C. J., and HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting):

I dissent.

This matter was precipitated by the action of the Provo River Commissioner, an appointee of the defendant State Engineer, and not because of any claim by other users of water. There is no contention now made by any of the defendants that the appellant is not entitled to the use of the water in question. The problem arose because of an administrative attempt to interpret an old decree of the court as to how the use was to be made.

It is not the function of the State Engineer or his employees to interpret adjudicated rights. If disputes arise between claimants to the use of water, the courts are the proper place to litigate those rights.[1]

All the District Court can do on appeal from the decision of the State Engineer is either to affirm it or to reverse it.[2] The State Engineer had no power to interpret the rights adjudicated by the old court decree, and the District Court should have reversed his attempt to do so.

1. Whitmore v. Murray City, 107 Utah 445, 154 P.2d 748 (1944).

2. Eardley v. Terry, 94 Utah 367, 77 P.2d 362 (1938).